Good morning. Phil Talbert for the United States, representing the warden. Here the petitioner has challenged two bureau prison rules that govern the agency's placement of inmates in residential reentry centers, also known as halfway houses. These rules were promulgated in a statutory scheme that involved two statutes that issue here in Title 18. One is 3621B, which gives the bureau prison's broad discretion to decide where an inmate is to be housed within the prison system, and 3624C, which requires the bureau prison's during the pre-release period to place the inmate in conditions that allow for reentry into society. Here the rules are a permissible exercise of the bureau prison's discretion under the statutes and are consistent with the overall statutory scheme. In the Supreme Court's decision in Lopez v. Davis, the court said that categorical rulemaking was permissible where Congress hasn't foreclosed it. This is true even where the agency's decisions require individualized determinations. The First Circuit's recent decision in Muniz v. Davis is persuasive here. There the First Circuit court recognized that the bureau prison's, with respect to these two rules, had made a categorical decision that halfway houses or residential reentry centers were not appropriate prior to the pre-release period. Counsel? Yes. In that case, how did the First Circuit distinguish the other circuit decisions that are to the contrary? Well, I don't think the First Circuit distinguished the cases. I think they, the First Circuit believed that the other Fourth Circuit majorities incorrectly interpreted the statutory scheme. Each of the other Fourth Circuit opinions had a strong dissent. And, in fact, in the Muniz case, the First Circuit cited at least one of the dissenting judges as being persuasive in the arguments that won the day before the First Circuit. Each of the Fourth Circuits who had ruled before the First Circuit had a dissent that looked at the same statutory scheme and saw something very different from what the majority of those four panels had seen. The First Circuit unanimously upheld the rules, seeing the interpretation the same way as those dissenters had seen them. This was the Muniz case made clear in the reasoning that the rules did not make the ultimate decision of where an inmate was to be housed under 3621B, but instead decided or set up the framework on when that decision would be made, so that the rules really guide the decision determination under the statutory factors. This reasoning is consistent with the Supreme Court's decision in Hector v. Campbell, which involved a Social Security Administration decision with respect to what constituted disability under the Act. Was a big part of the First Circuit's decision a determination that the statute was ambiguous? Well, I think the First Circuit decided that the statute was not subject to interpretation the way that the other Four Circuits had interpreted it. So you don't think that part of the equation was the finding of ambiguity? Well, I think the fact that, and this relates to the Chevron deference, that the fact that the statute was interpreted, the First Circuit interpreted the way that the Bureau of Prisons here is urging the court to interpret it, was consistent with the Bureau of Prisons. So to the extent that the First Circuit deemed it ambiguous, then under Chevron they recognized that the agency would be deferred to with respect to its interpretation. I thought it clearly said, because the plain language of the statute, I'm looking at page 6 of the Westlaw version, because the plain language of the statute does not address the precise questions at issue, we turn to the statute's legislative history to help resolve the ambiguity. It seems to me that was a large part of the premise for the First Circuit's ruling. Yes, with respect to the precise issue here. That's true, Your Honor. I take that point, that they resorted to reference to the legislative history, which the other circuits had mentioned, had taken a look at to see what it was. I thought the other circuits said that the statute was clear and there was no need to resort to legislative history. Well, at least one of those circuits resorted to the legislative history, at least as a backup check, because the legislative history, each circuit looked at essentially the same legislative history, the Senate bill language, that in the end the First Circuit did not find to be persuasive or clear one way or the other. So if we disagree with the premise that the statute is ambiguous, do you lose? I think the statute is clear on its face with respect to the First Circuit's interpretation, but to the extent that this panel decides that it's ambiguous. No, if we disagree, if we think the statute is clear, do you lose? Clear in the way that the other four circuits interpreted it. If we think there's no need to resort to legislative history, as the First Circuit did, do you lose? I don't think so. Why not? Because I think this panel can interpret the statutory framework the way that the Bureau of Prisons is arguing it should be interpreted here, which is that 3621B relates to where an inmate is to be placed and sets out factors for a determination, but does not impact when that decision is to be made, that 3624C places some or places a requirement on the Bureau of Prisons to make that determination at a particular point. The rules that the Bureau of Prisons have promulgated here are consistent with the statutory scheme that the residential reentry centers are designed to address transitional issues in putting inmates back into society. The program statement for the Bureau of Prisons relating to residential reentry centers makes clear that certain services are provided at the residential reentry centers that are consistent with what 3624C has required the Bureau of Prisons to provide, which are things like substance abuse treatment, life skills training, employment counseling, and placement, all to foster reentry into society. So the whole setup of the residential reentry centers is consistent with the idea that this is for prisoners that come near the end of their time with BOP, that BOP needs to provide certain services to make sure that they can transition, according to 3624C, as required, into society as easily as possible. Counsel, what do you do with the language in 18 U.S.C. section 3621B that says the Bureau may at any time direct the transfer of a prisoner from one penal or correctional facility to another? What do you do with that language? It talks about time and not location. And that's a grant of broad discretion to the Bureau. It doesn't set a particular time when the Bureau must make that transfer decision. I think part of the problem with the district court's order in this case and in the Fourth Circuit's opinions is that they give as a remedy, they require the Bureau of Prisons to make a transfer decision regardless of the discretion that is given to the Bureau of Prisons by statute. But the problem is that the regulation restricts, you know, categorically restricts the time period, and that takes away the discretion as well. But it allows for discretion as to transfer decisions, but the rule categorically, in line with Lopez and Heckler, makes a decision as to an issue of general applicability, which is, are these halfway houses, are these residential reentry centers appropriate for a particular class of inmates at a particular time? It doesn't allow the Bureau of Prisons to make a decision without respect to the fight. But that's a facility that's within the control of the Bureau of Prisons, right? Yes, and generally these are contracted private facilities. But it is an available facility. But what the Bureau has done here is similar to in Heckler, where there's been an issue of general applicability that's been decided that's consistent with the statutory scheme. They've decided this. They have not derogated the five factors. They've just made a decision as to the timing of when those factors would be decided. I understand, Your Honor. And it looks like my time is up. Thank you. Thank you, Mr. Talbot. Mr. Bates. May it please the Court. Steve Satie for Jose Rodriguez. The plain text of 18 U.S.C. section 3621B directly addresses the question before the Court. It provides that the Bureau of Prisons has the obligation to designate and later to transfer persons who are sentenced to any penal or correctional facility at any time. Well, it doesn't exactly say that. It says the Bureau of Prisons must designate, must designate the place of imprisonment. Yes. And it may designate any available penal or correctional facility. Yes. And then in the transfer section, it says that if there's any – that's the initial designation, and if there's any transfer, that at any time they can go from one facility to another. Where in the statute is it clear that the Bureau of Prisons has to individually consider every inmate request to transfer? I think that that is stating the case a little bit broader than the BR. All right. So you agree that there's no place in the statute that allows that? What I'm saying is that when there is a transfer – Okay. My question is where in the statute does it say that the Bureau of Prisons has to make an individualized determination of each and every request for a transfer by an inmate at any time during his period of incarceration? The policy of when transfers are made are – is according to program statements that the Bureau of Prisons promulgates. So you agree with me that there's no place in the statute that clearly states that the Bureau of Prisons has to make an individualized determination whenever an inmate during the time of his incarceration asks for a transfer? I'm hesitating at the asks for a transfer, because within the context – That's the practical effect of it, Mr. Sadie. If you're correct, then the practical effect is that an inmate, whenever he wants to, can just pop a request for a transfer that then forces, on your take, the Bureau of Prisons to go through the 3621B factors and make an individualized determination about whether to put that inmate in a correctional – in a CCC. Yes. Any time that the Bureau of Prisons is making a transfer request, they have to consider each of those factors. Okay. Those are the individualized factors. That's where I come back. If you can just tell me where it's in the statute where we're at with this conversation. The statute states that they may designate any penal or correctional facility and may at any time, having regard for the same matters, which are the same matters, are the five factors, three of which you cannot consider without individualized They may consider. No. They may designate. That's not in the mandatory section. So I keep asking my same question. Is it your position that the statute clearly says that any time an inmate makes a request for a transfer, that the BOP has to make an individualized determination? The question requires us to look at what the administrative procedures are within the prison for when there is a transfer request. If there is a transfer request, and the transfer request goes through a BP 8, 9, and 10, and they are making an evaluation about whether to transfer, they have to take those factors into consideration. Otherwise, that would make a nullity of that requirement. That's what you're doing is making a cottage industry of transfer requests. I don't. This doesn't make any policy or practical sense. I believe that it made practical sense for it was in effect for years before 2002, 40 years. I only woke up and said, wait a minute, this is nuts. There's been no indication that that was true. We don't handle them at all. Why can't the Bureau of Prisons make a categorical decision that community treatment centers, which are a valuable but limited resource, are to be available for transfer, for transfer, when the inmate has reached the transitional stage of his custody? I think the Court is looking for a problem that doesn't exist in the case, and that is that the way that the statute was implemented and the way the Bureau of Prisons construed the statutes for years, and even before the Sentencing Reform Act, was put into effect without problem. And there has been no indication that this is in response to a problem. It's in response to a legal position, a legal position that was incorrect and has been rejected, including by the First Circuit. Their statutory construction in Goldings was that the statute is read the way we do. They then say, well, we are going to look at Lopez and say that Lopez gives us permission. But this Court in Earth Island said that when the Congress provides elements, those elements must be considered. Whether we think it's wise or not is another question. But where Congress has spoken, that's the classic rule of statutory construction. We, in the judiciary ---- Well, I keep asking for it. Where does it say that in the statute? I mean, this is where we started the conversation. And I still haven't heard you answer me. I mean, where does it say that they must on a transfer decision, that is, when and whether to transfer, not the original designation and not once the decision to transfer has been made, where does it say that that decision has to be individualized? When it says in the transfer section that they may transfer using the having regard for the same matters direct to transfer. If you are going to have regard for a matter, you must consider that. For example, if the judge made a recommendation, there's a judicial recommendation that I think that this person will be ready to go to the halfway house in a year before he leaves. Is the Bureau of Prisons free to say I am disregarding that, regardless of what Congress said, that I should consider what the sentencing judge thought about a recommendation for the place that the person should serve that part of the sentence? We're going to ignore it. And that's exactly what they've done. To respect what the sentencing judge does in the case and to respect the words of Congress, I think that the position that the district court and the magistrate just spelled out addresses exactly the issues that were raised, answers them completely, explains exactly why Lopez doesn't apply, exactly why Latimer doesn't apply, because that's state designations. If you took that position, every time somebody does a 13-month-and-a-day sentence, if they went to a halfway house at the end of their sentence, it would not be considered a three-point criminal history. It would only be considered two points. Counsel, let me ask you kind of the converse of the question that Judge Reimer asked. Is there anywhere in the statute that clearly limits the discretion of the Bureau to transfer at any time? No. The Bureau of Prisons is free to make a transfer decision at any time. That is within their discretion. They can decide, for example, that the person needs to go to a higher degree of security at the end of the sentence. They could look at the we take into consideration 3624C. They're suggesting that we should or we have a qualified obligation to look at community corrections, including home confinement. No, we're going to put you in Florence because we don't think you're ready for it and we think that there are other factors that override it. What we're just saying is that you cannot take out one of the factors that Congress has said should be considered or the three factors that depend on an individual from that decision-making. The magistrate judge directly addressed each of the arguments that the Bureau of Prisons makes here. They did a very good job of outlining the history of the case, the factors that have to be considered in deciding whether or not where to place the person initially. For example, if there's an eight-month sentence and the person's family will be broken up and the judge decides this is a case where the person should just spend their time in home confinement or in community corrections and that that is the right thing to do, that that is the sentence that I think looking at all of the 994, 3553A factors, that that's the right thing to do. That sentencing decision by the court should be respected. A district court who makes that determination should at least have a hearing. It doesn't mean that the BOP has to follow it, but what they're saying is categorically I'm closing my ears to what you said, Jess. So could you briefly address the circuit split? I don't see it's much of a circuit split, because Golding's case follows much of the statutory construction. The way that they've peeled off, and it's basically adopting the concurring opinion that was earlier stated, where without briefing or reasoning basically said it would be all right to have a categorical rule. And they ended up following that. And I think it's simply that they did not follow or do not have the same rule as we have in the 994. And I think that's the reason why we're in that circuit in Earth Island, that where a factor is stated by Congress, that it has to be considered. Well, the Moonies case that's been cited here, what's your response to reliance on that case by the government? I've provided a Rule 28J letter that sets out the three positions. One is that Lopez is distinguishable because, as Moonies itself says, the Lopez statute lists no factors for consideration. Here we have five factors, three of which require individualized consideration. So that is the biggest distinction. They never address that. Every other of the four circuits said those listing of the factors is the significant distinction, that that is why we have to follow the plain meaning of the statute. Looking at the statute, where does it say this applies to transfers as opposed to initial placement? The last sentence of 3621B refers specifically to transfers. And the language that we rely on says, may it at any time, having regard for the same matters, direct the transfer of a prisoner. And those at any time tells us that the BOP can't limit the time. And having regard for the same matters says that those five matters should be considered, including the three individualized matters that cannot be decided on a categorical basis. Okay. Thank you. Thank you. Mr. Talbot, take a little extra time if you want, since you're opposing counsel. Thank you, Your Honor. I think I had eight seconds. I wanted to make one point, which was while Lopez, the statute there, did not have individual factors, the Supreme Court didn't limit its holding, and in fact said that even where there are individual determinations to be made in each case, categorical rulemaking was still permissible by an agency. Thank you. So, Count, let me ask you this. So under your argument, would the Bureau of Prisons be free to disregard recommendations from the sentencing judges? No, because that's one of the statutory factors. What if that conflicts with the requirement that it be within the last 10% of the sentence, not to exceed six months, then how do you resolve that? I think the Bureau of Prisons can still take into account what the sentencing judge has recommended. In my experience, sentencing judges typically make their recommendations subject to Bureau of Prisons requirements. But if there's a categorical exclusion, then how is that not ignoring the sentencing judge's recommendation? Because there will still be a transfer decision made under the rules. It will just be one that completely disregards the sentencing judge's recommendation? No, it would still take into account the sentencing judge's recommendation. How can that be, if the sentencing judge's recommendation conflicts with the regulation? Well, if the sentencing judge, for example, recommended that someone go to a residential reentry center for five years, then the Bureau of Prisons would look at that and interpret that as meaning that the sentencing judge made a recommendation to a center, but the decision would not be made to place someone necessarily there for five years, but to place someone there for an appropriate time under the rules. So I think the Bureau of Prisons would still be taking into account the sentencing judge's recommendation. It just wouldn't be following it in total. It would be taking that into account along with the other four statutory factors within the framework that it's set up. I might get to that transfer matter. We were kind of running out of time there. How do you interpret this sentence about the Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another? When it says having regard for the same matters, so a transfer, doesn't a transfer then have to regard the five matters? Yes. The Bureau of Prisons needs to look at the factors that are set out in the statute when it makes its decisions here. Of a transfer, huh? But, again, the transfer authority is given to the Bureau of Prisons with complete discretion. It is not given to the inmates with complete discretion. So in answer to Judge Reimer's earlier question, it's the Bureau of Prisons that decides when to make transfer decisions and then looks at the statutory factors and follows them. Nothing suggests that the inmates make the decisions. Why would you make that statement? Because nobody suggested that the inmates make the decision as to when they would be transferred. One of the decisions to be made is when that transfer decision is made, the scheduling of that transfer decision. And if this court follows the other four circuits, then essentially any inmate at any time can make a transfer request that the Bureau of Prisons will be compelled to act upon. As Mr. Sadie pointed out, wasn't that the way the system worked prior to the opinion from the legal counsel's office? Well, prior to that opinion, and given that under Chevron agencies are supposed to keep looking at and making statutory decisions. Wasn't that the way the system worked prior to the office of legal counsel decision? So that's not, you know, far-fetched for the system to work that way. Well, I don't know if it's so much far-fetched as being contrary, I think, to the statutory intent that Congress gives the discretion to the Bureau of Prisons on making these transfer decisions. That's just the point. And it gives the discretion at any time, but the regulation is saying it's limited to six months or 10 percent of the remaining sentence. And that's the conflict that I see between the statute and the regulation. Well, and I don't see it as a conflict as much as the Bureau making a categorical determination based on the reasoning behind the creation of residential reentry centers in the first place. The decision is still made with respect to the five factors that are set out in the statute. I think there the four circuits had the decision wrong. Those factors still drive the ultimate decision of the Bureau. Now, what drives the decision is the length of time remaining in the sentence. That's what drives the determination under the regulation. Well, the determination under 3621 is as to where the inmate is to go, whether it's halfway house or home confinement or some other place. And when, because it says at any time. But the factors don't drive that decision. Under your view, what should the Bureau of Prisons do when a request for transfer is made? Under our view, then the request for transfer would come in, and the Bureau of Prisons periodically, for a variety of reasons, would be looking at whether an inmate should stay within a particular institution or be transferred, whether it's at the end of the sentence for halfway house consideration, or if there was some incident that required maybe a higher security classification of the prisoner, or if the prisoner for some reason needed to be moved geographically. All of those sorts of events would drive the decision being made. So that if a transfer request came in, I think the Bureau of Prisons would look at that, but then the Bureau of Prisons in exercising its discretion might feel if the request was, for example, to be near a family and the Bureau of Prisons believed there was a good reason to move an inmate from one institution to another. Let me be more specific. At that time, would the Bureau of Prisons be required to consider those five factors? I don't believe so. Well, how do you deal with that sentence that I was reading, which says, having regard for the same matters? What does that mean? I believe that that means that the statute, whenever the Bureau of Prisons makes a decision on a transfer, then it needs to address those factors. But it doesn't mean you would have to address those five factors. When it makes a decision. Well, that's what I'm talking about, is when they decide. It's what you're saying, if the Bureau of Prisons makes a decision to transfer, then it must consider the factors in deciding where to transfer. Yes, because 3621D relates to the decision on where an inmate should be transferred. Thank you. Anything else? You okay? I'm fine. Okay. Thank you, counsel. The matter just argued will be submitted. And we'll next to your argument and we'll match the same. Thank you.
judges: Hug, Rymer, Rawlinson